IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:23-cr-00074

RANDELL LEE PROCTOR,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Dismiss Indictment Under the Second Amendment* (Document 25) and the *Response of the United States to Defendant's Motion to Dismiss* (Document 27). For the reasons stated herein, the Court finds the motion should be denied.

**BACKGROUND**

The Defendant, Randell Proctor, was charged in a single-count *Indictment* (Document 1) with knowingly possessing a loaded firearm as a person convicted of misdemeanor crimes of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8).[1] If convicted of the charged offense, the Defendant faces up to 10 years of imprisonment.[2] The United States alleges that the Defendant, on or about December 29, 2022, in Rand, Kanawha County, West Virginia,

---

[1] Effective June 25, 2022, the penalty provision for a violation of § 922(g) has been moved to § 924(a)(8).
[2] The amended language of § 924(a) raises the maximum sentence of imprisonment from 10 to 15 years.

knowingly possessed a Hi-Point, model C9, 9mm firearm.   The Defendant knowingly possessed the firearm despite four prior convictions of domestic battery in violation of West Virginia Code 61-2-28(a).

## DISCUSSION

The Supreme Court in *Bruen* rejected the means-end scrutiny analysis that courts had used in the wake of *D.C. v. Heller*, 554 U.S. 570, 634 (2008).   142 S. Ct. 2111 (2022); s*ee, e.g.*, *U.S. v. Chapman,* 666 F.3d 220, 225 (4th Cir. 2012); *U.S. v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010). Rather, "[i]n keeping with *Heller*," *Bruen* clarified the two-step analysis in the Second Amendment context.   *Bruen* at 2126.   The initial question for the court's consideration is whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30.   Otherwise stated, the question is whether the regulation infringes on or burdens the Second Amendment right to possess and carry firearms for self-defense.   *Id.* at 2133 (citing *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010)).

If Second Amendment rights are burdened, the Constitution presumptively protects that conduct, and the regulation can stand "[o]nly if a firearm regulation is consistent with this Nation's historical tradition."   *Id.* at 2126.   Sometimes, this "inquiry will be fairly straightforward," especially "when a challenged regulation addresses a general societal problem that has persisted since the 18th century."   *Id.* at 2131.   However, some regulations were "unimaginable at the founding" and require identifying relevantly similar regulations and "reasoning by analogy."   *Id.* at 2132.   Central to this consideration is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."   *Id.* at 2133.

The Defendant argues that 18 U.S.C. § 922(g)(9) burdens his Second Amendment rights and lacks an appropriate historical analogue imposing a comparable burden, and therefore, the Indictment should be dismissed. The Defendant does not presently contest that his four prior domestic battery convictions constitute a "misdemeanor crime of violence" under 18 U.S.C. § 921(a)(33) and 922(g)(9).

Section 922(g)(9), in pertinent part, reads:

> It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9). This Court has previously rejected a post-*Bruen* facial challenge to the constitutionality of § 922(g)(9). *U.S. v. Nutter*, 624 F. Supp. 3d 636, 644 (S.D.W. Va. 2022).[3] The Defendant does not raise any arguments that were not addressed in *Nutter*, nor does he argue that the facts of this case are sufficiently different from *Nutter* to avoid its holding. Additionally, the Defendant has largely been unable to rely on any subsequent legal authority. That is because courts, in subsequent rulings, have widely rejected post-*Bruen* challenges to § 922(g)(9). *See, e.g.*, *U.S. v. Donahue*, 2:22-CR-00128-1, 2023 WL 4372706, at *4 (S.D. Tex. July 5, 2023); *U.S. v. Hughes*, 2:22-CR-00640, 2023 WL 4205226, at *12 (D.S.C. June 27, 2023); *U.S. v. Ryno*, 3:22-CR-00045, 2023 WL 3736420, at *16 (D. Ak. May 31, 2023); *U.S. v. Hammond*, 422-CR-177, 2023 WL 2319321, at *7 (S.D. Iowa Feb. 15, 2023); *U.S. v. Farley*, 22-CR-30022, 2023 WL 1825066, at *3 (C.D. Ill. Feb. 8, 2023); *U.S. v. Gleaves*, 3:22-CR-00014, 2023 WL 1791866, at *4

---

[3] This Court's holding in *U.S. v. Nutter* is currently on appeal in the Fourth Circuit Court of Appeals, and the Court recognizes that the Defendant's motion in this case is, in part, designed to preserve the issue during the pendency of the appeal.

(M.D. Tenn. Feb. 6, 2023); *United States, v. Barry B. Jackson, Jr.*, No. CR-22-59-D, 622 F. Supp. 3d 1063, 1067 (W.D. Okla. Aug. 19, 2022).

The issues presented in this motion and those argued in *U.S. v. Nutter* are identical. The Court finds no value in restating its previous analysis here. Therefore, the Court expressly incorporates the reasoning and findings of *U.S. v. Nutter*, 624 F. Supp. 3d 636, 644 (S.D.W. Va. 2022), herein. For the reasons stated in *U.S. v. Nutter*, the Court finds that § 922(g)(9) does not violate the Second Amendment of the United States Constitution, and the Defendant's facial challenge fails.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss Indictment Under the Second Amendment* (Document 25) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 20, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA