IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:23-cr-00074

RANDELL LEE PROCTOR,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's *pro se Motion for Sentence Reduction in Light of Recent Changes to the United States Sentencing Guidelines and Request for Appointment of Counsel* (Document 57), wherein the Defendant seeks a sentence reduction pursuant to the retroactive criminal history amendment to the United States Sentencing Commission *Guidelines Manual* and also moves for the appointment of counsel to assist him in obtaining any other relief he may be due in light of the same.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual,* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both

have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has considered the original Presentence Investigation Report (PSR), as well as the original Judgment and Commitment Order and Statement of Reasons.[1] The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Proctor was convicted of unlawfully possessing a firearm pursuant to a guilty plea entered on July 27, 2023. At the time of his original sentencing, he had four criminal history points. No status points were added to his criminal history score. He had a total offense level of 15 and a criminal history category of III, for a Guideline range of 24 to 30 months. On December 7, 2023, the Court imposed an upward variant sentence of imprisonment of 48 months, to be followed by three years of supervised release. Following implementation of Amendment 821, Mr. Proctor's criminal history score would remain unchanged. Contrary to his assertions, the PSR does not indicate that Mr. Proctor's criminal history score was enhanced by the application of status points. Likewise, Mr. Proctor did not, nor does he now, qualify as a Zero-Point Offender. Mr. Proctor's sentence was based on the Court's careful consideration of his history and characteristics, as well

---

1 Inasmuch as the Court's independent review of the relevant materials reveal that Mr. Proctor is ineligible for further relief under Amendment 821, additional briefing by the Probation Office or the parties is unnecessary.

as the Section 3553(a) factors and arguments at sentencing. The Court's imposition of an upward variant sentence was reflective of a significant risk of recidivism by Mr. Proctor and a need to protect the public from further crimes by him. Because Mr. Proctor's criminal history score and Guideline range remain unchanged, the Court finds that he is not eligible for relief under Amendment 821.

Based on the foregoing considerations, the Court **ORDERS** that the *Motion* (Document 57) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: May 15, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA